UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:18-CR-00023-TBR

UNITED STATES OF AMERICA,                                                    PLAINTIFF

v.

JAMES EAKES,                                                                 DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Plaintiff United States' Motion for a Supplemental Jury Questionnaire, [R. 16]. Defendant James Eakes responded, [R. 17]. For the reasons stated herein, the United States' Motion for a Supplemental Jury Questionnaire, [R. 16], is **DENIED**.

Eakes is charged with one count of willfully depriving an inmate's constitutional rights while acting under color of law in violation of 18 U.S.C. § 242. [R. 1 at 1 (Indictment).] At the time of the alleged incident, Eakes was a deputy at the Fulton County Detention Center. [*Id.*] This matter is set for trial by jury on April 29, 2019. [R. 14 at 1 (Amended Scheduling Order).]

The United States requests the Court to authorize the use of its proposed supplemental jury questionnaire. [R. 16 at 1.] The United States argues that a jury questionnaire is necessary in order to ensure the jury empaneled for the trial will be fair and impartial in a case such as this one, "involving the sensitive and potentially polarizing issue of law enforcement misconduct." [R. 16 at 2.] Furthermore, it cites several advantages to using a jury questionnaire, such as giving jurors more time and privacy to give their candid opinion on sensitive topics. [*Id.* at 3.] In response, Eakes argues: "Nothing about the charge or facts that will [be] presented at trial will involve issues of such a personal nature that would suggest such a questionnaire would be

1

prudent to safeguard the privacy interests of those on the panel. Nor will the trial involve questions that cannot be readily addressed by the Court during Voir Dire the first day of trial." [R. 17 at 1-2.] To be clear, Eakes does not object to questions "which relate to a panelist's general views of law enforcement based on their employment history or someone in their family, or whether they have had experiences with law enforcement or the criminal justice system which could affect its judgment in the case." [*Id*. at 2.] However, Eakes contends that the questions submitted by the United States go beyond such an inquiry, especially the question that references the Black Lives Matter political movement and the questions that "track the facts of this case so closely, they attempt to elicit answers which not only reveal general perspectives but resolve to discover who on the panel will return a verdict of guilty or not guilty based on specific facts before they are even presented." [*Id*.]

First and foremost, the Court notes that "[t]here is no federal constitutional requirement that courts use or jurors answer juror questionnaires. 'The Constitution, after all, does not dictate a catechism for *voir dire*[.]' *Morgan*, 504 U.S. at 729, 112 S.Ct. 2222." *White v. Mackie*, No. 1:16-CV-867, 2017 WL 4621464, at *7 (W.D. Mich. Sept. 18, 2017), *recommendation adopted by* 2017 WL 4574835 (W.D. Mich. Oct. 13, 2017); *United States v. Gowder*, No. 6:17-CV-25-REW-HAI, 2019 WL 109350, at *1–2 (E.D. Ky. Jan. 2, 2019) (same); *see also United States v. Phibbs,* 999 F.2d 1053, 1071 (6th Cir. 1993) (noting trial court "discretion in its management of the voir dire" and stating: "Phibbs suggests that the written questionnaire created by defendants was necessary[.] . . . An individualized examination of the jury venire is not, however, required by the United States Constitution.") As other courts in the Sixth Circuit have stated on this topic:

> Rule 24 provides that "the court may examine prospective jurors or may permit the attorneys for the parties to do so," Fed. Crim. P. 24(a), and "gives the court very broad discretion on the conduct of the voir dire examination of prospective jurors." *United States v. Schmucker*, 815 F.2d 413, 421 (6th Cir. 1987). This

> discretion extends to whether or not to permit juror questionnaires, *United States v. Treacy*, 639 F.3d 32, 46 (2d Cir. 2011); *United States v. Phibbs*, 999 F.2d 1053, 1071 (6th Cir. 1993), and a trial court abuses its discretion only "if it restricts the scope of voir dire in a manner that unduly impairs the defendant's ability to exercise his peremptory challenges or make his challenges for cause," *United States v. Martinez*, 981 F.2d 867, 870 (6th Cir. 1992). Thus, "[w]hile pre-trial juror questionnaires 'have become a favored device of trial lawyers,' *United States v. Padilla–Valenzuela*, 896 F. Supp. 968, 970 (D. Ariz. 1995), it is within the sound discretion of the trial court to refuse to submit a party's questionnaire to prospective jurors," particularly where the court finds a questionnaire "invasive or simply unnecessary." *Vanderbilt Mortg. & Fin., Inc. v. Flores*, No. CIV.A. C-09-312, 2010 WL 4281932, at *1 (S.D. Tex. Oct. 25, 2010).

*United States v. Trumbo*, No. 18-20403, 2019 WL 652303, at *4 (E.D. Mich. Feb. 15, 2019) (quoting *United States v. Darden*, 346 F. Supp. 3d 1096, 1139 (M.D. Tenn. 2018)).

The Court is not persuaded that a questionnaire is necessary in order to avoid unduly impairing the parties' ability to exercise preemptory challenges or make challenges for cause. Any concerns about jurors' personal prejudice involving law enforcement can be covered through the Court's typical, oral voire dire inquiry without being overly intrusive or overburdensome for the prospective jurors. Furthermore, any sensitive matter a juror does not feel comfortable discussing in front of other jurors may be discussed individually with the Court at the bench. Thus, in its "broad discretion on the conduct of the voir dire examination of prospective jurors," the Court DENIES the United States' Motion for a Supplemental Jury Questionnaire, [R. 16].

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED**: the United States' Motion for a Supplemental Jury Questionnaire, [R. 16], is **DENIED**.

**IT IS SO ORDERED**.

cc: Counsel of Record

Thomas B. Russell, Senior Judge
**United States District Court**

March 22, 2019