# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH
# CIVIL ACTION NO. 5:18-CR-00023-TBR

UNITED STATES OF AMERICA,                                                    PLAINTIFF

v.

JAMES EAKES,                                                                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff United States of America's ("the Government") Consolidated Motion in Limine. [R. 20.] Defendant James Eakes responded. [R. 22.] This matter is ripe for adjudication. For the reasons stated herein, the Government's Consolidated Motion in Limine, [R. 20], is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

This case resulted from an altercation that occurred between James Eakes, a former corrections officer with the Fulton County Detention Center ("FCDC"), and an inmate, L.B., on August 14, 2016. [R. 1 at 1; R. 20 at 1; R. 22 at 1.] Although the parties disagree about the factual details of what happened prior to Eakes's use of a taser, they appear to agree that, at some point during the incident, Eakes used a taser on L.B. [R. 20 at 1; R. 22 at 1.] The Government contends that this constituted an act of excessive force in violation of the Eighth Amendment prohibition of cruel and unusual punishment. [R. 20 at 3.] On August 14, 2018, Eakes was indicted on one count of deprivation of rights under color of law in violation of 18 U.S.C. § 242. [R. 1 at 1.] A jury trial for this matter is scheduled on April 29, 2019. [R. 18.] Currently before the Court is the Government's Consolidated Motion in Limine. [R. 20.]

## LEGAL STANDARD

Using the inherent authority to manage the course of trials before it, this Court may exclude irrelevant, inadmissible, or prejudicial evidence through *in limine* rulings. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)); *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013). Unless such evidence is patently "inadmissible for any purpose," *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997), though, the "better practice" is to defer evidentiary rulings until trial, *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975), so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context," *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). A ruling *in limine* is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38). Consequently, the Court may revisit its *in limine* rulings at any time and "for whatever reason it deems appropriate." *Id.* (citing *Luce*, 713 F.2d at 1239).

Evidence is "relevant" if it has "any tendency to make a fact [of consequence] more or less probable than it would be without the evidence." Fed. R. Evid. 401. The standard for relevancy is "liberal" under the Federal Rules of Evidence. *Churchwell v. Bluegrass Marine, Inc.*, 444 F.3d 898, 905 (6th Cir. 2006); *United States v. Whittington*, 455 F.3d 736, 738 (6th Cir. 2006). A piece of evidence "does not need to carry a party's evidentiary burden to be relevant; it simply has to advance the ball." *Dortch v. Fowler*, 588 F.3d 396, 401 (6th Cir. 2009).

Generally speaking, all relevant evidence is admissible. *See* Fed. R. Evid. 402. No rule, however, is without exception: Even relevant evidence may be excluded "if its probative value is substantially outweighed by [the] danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid.

403. The Court enjoys broad discretion when it decides questions of relevance and possible prejudice. *See Tompkin v. Philip Morris USA, Inc.*, 362 F.3d 882, 897 (6th Cir. 2004).

## DISCUSSION

The Government's Consolidated Motion in Limine consists of five requested evidentiary rulings prior to trial. Altogether, the Government moves the Court to exclude:

> 1) any mention of potential witness L.B.'s prior convictions (other than felony convictions fewer than ten years old) and prison disciplinary history; 2) any mention of potential witness Amber Morgan's prior inadmissible convictions and irrelevant misconduct; 3) any mention of the Defendant's prior irrelevant experiences with other inmates or experience in dangerous prison working conditions; 4) any mention of FCDC's decision not to discipline or terminate the Defendant following this incident; and 5) any improper propensity/character evidence.

[R. 20 at 1.] The Court will address each request in turn.

### A. L.B.'s Criminal and Disciplinary History

#### 1. L.B.'s Criminal History

Regarding L.B.'s criminal history, the Government states that both sides have agreed that L.B. may not be impeached with his "misdemeanor convictions or convictions greater than ten years old, but that he may be properly impeached by being cross-examined regarding three felony convictions from the last ten years." [R. 20 at 4.] Furthermore, the Government states that "the parties also agree that any impeachment must be limited to the fact that the victim was convicted of three felonies and may not discuss the underlying offenses or circumstances of conviction." [*Id.*] In response, Eakes appears to agree, citing Federal Rule of Evidence 609[1] for

---

[1] The relevant portions of Federal Rule of Evidence 609 provide:
    **(a) In General.** The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
        **(1)** for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
            **(A)** must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and

3

the contention that "delving into the inmate's criminal history is permissible under FRE 609 to the extent he has a felony conviction over the last ten years, whether Defendant knew about it or not." [R. 22 at 2.] The Court agrees with the parties and acknowledges that any evidence that should be excluded under Rule 609, shall be excluded at trial.

### 2. L.B.'s Disciplinary History

Regarding L.B.'s disciplinary history as an inmate, the Government argues that "[t]hese records are not relevant to the case against the Defendant, and, even if they were relevant, are far more prejudicial than probative." [R. 20 at 4.] In support, the Government cites to this Court's findings in *Moore v. Parker*, in which the Court found that the plaintiff inmate's disciplinary record had little to do with the issue of whether correctional officers used excessive force against him and, in addition, presented a distinct risk of unfair prejudice. *Moore v. Parker*, No. 5:13-CV-00081-TBR, 2016 WL 6871264, at *3 (W.D. Ky. Nov. 21, 2016). Therefore, the Court excluded the introduction of, and testimony relating to, the plaintiff inmate's disciplinary record. *Id*.

In response, Eakes contends that the exclusion of L.B.'s disciplinary history "would effectively deny Defendant a right to a fair trial." In detail, Eakes states:

> The proof at trial will show this particular inmate has had many run-ins with jail staff and that it was common knowledge among staff, including the Defendant,

---

     **(B)** must be admitted in a criminal case in which the witness is a defendant, if
     the probative value of the evidence outweighs its prejudicial effect to that
     defendant; and
  **(2)** for any crime regardless of the punishment, the evidence must be admitted if the court
  can readily determine that establishing the elements of the crime required proving--or the
  witness's admitting--a dishonest act or false statement.
**(b) Limit on Using the Evidence After 10 Years.** This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
  **(1)** its probative value, supported by specific facts and circumstances, substantially
  outweighs its prejudicial effect; and
  **(2)** the proponent gives an adverse party reasonable written notice of the intent to use it
  so that the party has a fair opportunity to contest its use.

Fed. R. Evid. 609(a)-(b).

> including knowledge of threatening behavior towards other inmates and jail staff. Such information is clearly relevant to show the Defendant's state of mind when dealing with and how to approach the inmate, and, further, such information would give the jury of the actual viewpoint of the Defendant and potentially provide a reasonable explanation for his actions.

[R. 22 at 2.]

As in *Moore*, the parties in this matter have not pointed to a specific entry in L.B.'s disciplinary record, making the Court's analysis "necessarily superficial." No. 5:13-CV-00081-TBR, 2016 WL 6871264, at *6. The Court acknowledges that L.B.'s prior disciplinary records could be relevant to Eakes's state of mind. *See Freeman v. Collins*, No. 2:08-CV-71, 2014 WL 325631, at *12 (S.D. Ohio Jan. 29, 2014) (citing *White v. Johnson,* No. 90–1008, 1991 WL 16014, at *1 (6th Cir. Feb. 8, 1991)) (holding that defendant prison guard's awareness of plaintiff inmate's reputation for violence was relevant to an excessive force inquiry). However, in order to be relevant to the case at hand, Eakes would have to identify previous, similar altercations in which L.B. instigated the use of force. *See Easley v. Haywood*, No. 1:08-CV-601, 2015 WL 1926399, at *3 (S.D. Ohio Apr. 28, 2015) (holding that defendants failed to show that the plaintiff inmate's prior disciplinary records were relevant to the defendant's subjective state of mind when defendant failed to identify similar, prior incidents within the records); *Moore*, No. 5:13-CV-00081-TBR, 2016 WL 6871264, at *3 ("Still, it seems as though Moore's disciplinary record has little, if anything, to do with the issue at the core of this action—namely, whether the correctional officers used excessive force when removing Moore from his cell."). Furthermore, even if particular records in L.B.'s disciplinary history are relevant, there appears to be a distinct risk of unfair prejudice, especially if L.B.'s prior misconduct is presented to the jury as propensity evidence. *See* Fed. R. Evid. 403; 404(b)(1); *Moore*, No. 5:13-CV-00081-TBR, 2016 WL 6871264, at *6. Therefore, at this time in the proceedings, the Court will exclude the

introduction of, and testimony relating to, L.B.'s disciplinary history. If Eakes wishes to reference a specific record from L.B.'s disciplinary history at trial, he shall first approach the bench to explain why such evidence is relevant and admissible under Federal Rules of Evidence 401, 403, and 404, or address the argument that the Government opened the door for the admission of such evidence.

### B. Amber Morgan's Criminal and Disciplinary History

The analysis concerning Morgan's criminal and disciplinary history is similar to that above. Once again, the parties appear to agree that felony convictions and cross examination of prior conduct that is probative of truthfulness or untruthfulness is permitted. *See* Fed. R. Evid. 609, 608; *Johnson v. Baker*, No. 1:08-CV-00038, 2009 WL 3486000, at *9 (W.D. Ky. Oct. 23, 2009) ("Questioning in regards to Defendants' character for truthfulness may be used to impeach the Defendants under Rule 608."). The Court agrees with the parties and acknowledges that any evidence that should be excluded under Rule 609, shall be excluded.

As for Morgan's disciplinary history, the Government argues that Morgan's previous misconduct is not probative of truthfulness or untruthfulness and, therefore, should be excluded. In support, the Government cites to *Johnson v. Baker*, in which this Court held that plaintiff could cross-examine the defendants about specific instances of lying for purposes of impeachment when one of the defendants admitted to failing to report misconduct to his supervisor. *Johnson*, No. 1:08-CV-00038, 2009 WL 3486000, at *9. As the Government points out, there is no evidence here to suggest that Morgan's previous misconduct involved lying or other conduct that is probative of untruthfulness. Therefore, at this time in the proceedings, the Court will exclude the introduction of, and testimony relating to, Morgan's disciplinary history.[2]

---

[2] Eakes also states: "And her personnel history within the facility may also be appropriate inquiry as it could impact her motive to testify for the United States." [R. 22 at 3.] If this is meant to be interpreted as an argument pursuant to

If Eakes wishes to cross-examine Morgan regarding specific conduct that is probative of truthfulness or untruthfulness, he shall first approach the bench and explain why such evidence is admissible under Federal Rule of Evidence 608(b)(1).[3]

### C. FCDC's Decision Not to Discipline or Terminate Eakes

The Government contends that any testimony regarding FCDC's decision not to fire or discipline Eakes should be excluded. [R. 20 at 9.] Eakes disagrees, arguing that the FCDC's decision is relevant to the matter at hand. [R. 22 at 3.] The Court agrees with Eakes.

In detail, the Government argues that such testimony would be improper because (1) "FCDC's employment decisions have no bearing on whether or not the Defendant willfully deprived L.B. of his Eighth Amendment rights" and (2) "[B]y eliciting such an opinion, the Defendant would suggest to the jury that they should substitute the FCDC's official conclusion for their own." [R. 20 at 8.] As support, the Government cites to the findings of two different district courts from outside the Sixth Circuit. First, the Government cites to *McMahon v. Valenzuela* in support of the contention that "[a]llowing jurors to hear that FCDC never fired or disciplined the Defendant would cause jurors to wrongly assume that FCDC concluded that the Defendant had done nothing wrong, and that therefore the Defendant is not guilty." [R. 20 at 8.] In *McMahon*, the Central District of California held that evidence showing that the city of Los

---

Rule 404(b), i.e., evidence of another act is admissible for the purpose of proving motive, it appears to be incorrect. According to the Sixth Circuit, "the reference to 'motive' in Rule 404(b) does not refer to a motive to testify falsely." *See United States v. Robinson,* 272 F. App'x 421, 430 (6th Cir. 2007).

[3] Rule 608(b)(1) provides:

> **(b) Specific Instances of Conduct.** Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:
> **(1)** the witness

Fed. R. Evid. 608(b)(1).

Angeles put the defendant police officer on administrative leave pending further investigation of the incident at issue created "substantial risk that the jury will draw impermissible adverse inferences regarding the individual Defendants' guilt or innocence from the fact that they are on administrative leave." *McMahon v. Valenzuela*, No. 214CV02085CASAGRX, 2015 WL 7573620, at *10 (C.D. Cal. Nov. 25, 2015). The court then concluded that this risk outweighed the probative value of the city's motive. *Id*.

Second, the Government cites to *Moore v. Principi* to support the argument that "[s]uch testimony would also embrace an ultimate issue of fact for the jury to determine and would invade the province of the jury." [R. 20 at 9.] In *Principi*, the plaintiff moved to exclude an internal investigation report concerning his discrimination charges against his employer, the Department of Veteran Affairs. *Moore v. Principi*, No. 00 C 2975, 2002 WL 31767802, at *8 (N.D. Ill. Dec. 10, 2002). The investigation report was prepared by his employer, and it came to the conclusion that it had not discriminated against the plaintiff. *Id*. Ultimately, the Northern District of Illinois held that the probative value of the report was low due to its questionable reliability and trustworthiness, and it found that "the determination would unfairly prejudice the jury by giving the appearance that the ultimate issues to be decided by it had already been decided by another entity." *Id*.

> In response to the Government, Eakes argues:
>
> The lack of any disciplinary action by the Fulton County Jail against the Defendant for his allegedly illegal conduct is relevant and would give the true perspective of administrators at the facility who continued to allow the Defendant to work at the jail for over two years following the incident. Defendant submits that the failure of his supervisors to institute any disciplinary action against him is far more credible proof than the opinion of a hired expert.

[R. 22 at 3.] The Court agrees that the lack of disciplinary action by FCDC is relevant to the analysis of "whether the force was applied in a good-faith effort to maintain or restore discipline,

or maliciously and sadistically to cause harm." *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014). The fact that Eakes was not punished for the alleged conduct implies that perhaps Eakes did not act so maliciously and sadistically as to necessitate termination. However, the question remains whether the probative value of this evidence is substantially outweighed by a danger of unfair prejudice, pursuant to Rule 403.

At this time, the Court finds that the unfair prejudice of this evidence does not substantially outweigh its probative value. Besides the fact that the two cases cited by the Government are not binding on this Court, the Court finds that they are also distinguishable from the matter at hand. In both *McMahon* and *Principi*, there was evidence of an action taken by the plaintiff's employer in response to the plaintiff's misconduct: in *McMahon*, the city put the defendant on administrative leave pending an investigation, and in *Principi*, the employer prepared an investigative report in which it came to the conclusion that it was not guilty of the plaintiff's claims. *See McMahon*, No. 214CV02085CASAGRX, 2015 WL 7573620, at *10; *Principi*, No. 00 C 2975, 2002 WL 31767802, at *8. In contrast, there is no evidence of any similar action taken by FCDC by which the jury could infer that the decision before them was already made by another entity. As phrased by the Government, it is not apparent that FCDC ever came to an "official conclusion" on the matter. Rather, the Government claims it was FCDC's *lack of action* that creates prejudice, which the Court finds to be inherently less convincing. Furthermore, the Government provides no case law supporting the argument that a lack of action carries the same prejudicial weight as the actions in *McMahon* and *Principi*, nor is the Court aware of such precedent. Although there may be some prejudice created by FCDC's decision not to discipline Eakes, the Court finds that is does not substantially outweigh the

probative value of the evidence.[4] Thus, at this time in the proceedings, the Government's request to exclude FCDC's decision not to discipline or terminate Eakes is denied.

D. **Evidence of Eakes's Prior Experiences with Other Inmates**

The Government requests that the Court exclude any evidence of inmates' unrelated negative or positive experiences with Eakes. [R. 20 at 6-8.] Eakes did not respond to this argument. Indeed, evidence that is unrelated to the matter at hand and improper under the Federal Rules of Evidence will be excluded at trial. The Court will not issue a blanket ruling concerning evidence of incidents not fully identified and accompanying arguments not yet fully developed. *See Reeder v. Cty. of Wayne*, No. 15-CV-10177, 2016 WL 3548217, at *3 (E.D. Mich. June 30, 2016) (citing *Sperberg*, 519 F.2d at 712) ("The Court will not issue a blanket ruling on evidence not fully identified and arguments not yet fully developed."). However, at this time in the proceedings, the Government's request to exclude any evidence of inmates' unrelated negative or positive experiences with Eakes is granted. Should Eakes feel said evidence is relevant, he must approach the Court before offering such testimony to the jury.

E. **Improper Propensity/Character Evidence**

The Government argues that "[a]ny evidence that does not comport with the rules should be excluded." [R. 20 at 9.] Eakes did not respond to this argument. The Court assumes Eakes's failure to respond to the Government's motion indicates he has no objection to the motion. The Court acknowledges that character evidence that is improper pursuant to Rules 404 and 405 will

---

[4] At the end of its argument on this topic, the Government contends: "If the situation were reversed, and the Defendant had been fired, the prosecution similarly could not introduce the Defendant's hypothetical termination for fear of prejudicing the jury to believe the Defendant had committed a crime based on irrelevant evidence." [R. 20 at 9.] It appears that the Government may be referring to Federal Rule of Evidence 407, which states "[w]hen measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: negligence; culpable conduct . . . ." Fed. R. Evid. 407. However, the Government provides no applicable case law in which Rule 407 was applied to an *absence* of a subsequent remedial measure, nor is the Court is aware of such precedent.

10

be excluded at trial. If Eakes desires to introduce such evidence at trial, he must first approach the bench. Thus, the Court finds the Government's motion to be unnecessary and denies it as such.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED**:

The Government's Consolidated Motion in Limine, [R. 20], is **GRANTED IN PART AND DENIED IN PART**.

a. The Court acknowledges that it will abide by Federal Rule of Evidence 609 at trial. Otherwise, the Government's request to exclude the criminal history of L.B. and Morgan is **DENIED**.

b. The Government's request to exclude evidence of L.B.'s prison disciplinary history is **GRANTED**. If Eakes wishes to reference a specific record from L.B.'s disciplinary history at trial, he shall first approach the bench to explain why such evidence is relevant and admissible under Federal Rules of Evidence 401, 403, and 404, or address the argument that the Government opened the door for the admission of such evidence.

c. The Government's request to exclude evidence of Amber Morgan's disciplinary history is **GRANTED**. If Eakes wishes to cross-examine Morgan regarding specific conduct that is probative of truthfulness or untruthfulness, he shall first approach the Court and explain why such evidence is admissible under Federal Rule of Evidence 608(b)(1).

d. The Government's request to exclude FCDC's decision not to discipline or terminate Eakes is **DENIED**.

e. The Government's request to exclude any evidence of inmates' unrelated negative or positive experiences with Eakes is **GRANTED** at this time, with leave to reexamine at trial.

f. The Government's request to exclude any improper character evidence is **DENIED as moot**.

**IT IS SO ORDERED**.

*[Signature: Thomas B. Russell]*

**Thomas B. Russell, Senior Judge**
**United States District Court**

April 13, 2019

cc: Counsel of Record