UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:18-CR-00023-TBR

**UNITED STATES**

**v.**

**JAMES EAKES**

**JURY INSTRUCTIONS**

# INSTRUCTION NO. 1

## Introduction

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every criminal case. Then I will explain the elements, or parts, of the crime that the defendant is accused of committing. Then I will explain some rules that you must use in evaluating particular testimony and evidence. And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return. Please listen very carefully to everything I say.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## INSTRUCTION NO. 2

### Presumption of Innocence, Burden of Proof, and Reasonable Doubt

As you know, the defendant has pleaded not guilty to the crime charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

## INSTRUCTION NO. 3

### Evidence Defined

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

**INSTRUCTION NO. 4**

**Consideration of Evidence**

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## INSTRUCTION NO. 5

### Direct and Circumstantial Evidence

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

**INSTRUCTION NO. 6**

**Credibility of Witnesses**

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

## INSTRUCTION NO. 7

## Number of Witnesses

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

# INSTRUCTION NO. 8

## Objections

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

The parties for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The parties have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## INSTRUCTION NO. 9

You have heard the testimony of L.B. You have also heard that before this trial, this individual was convicted of a crime or crimes.

These earlier conviction(s) were brought to your attention only as one way of helping you decide how believable each witness's testimony was. Do not use it for any other purpose. It is not evidence of anything else.

## INSTRUCTION NO. 10

## Introduction of the Elements

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  In a moment, I will explain the elements of the crime that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crime charged in the indictment. Your job is limited to deciding whether the government has proved the crime charged.

**INSTRUCTION NO. 11**

**Elements of Count 1: Deprivation of Rights Under Color of Law pursuant to Title 18**

**United States Code Section 242**

The sole count of the indictment charges the defendant, James Eakes, while acting under color of law as a deputy at the Fulton County Detention Center, of willfully depriving L.B., an inmate, of the right, protected and secured by the Constitution and laws of the United States, to be free from cruel and unusual punishment. Specifically, Eakes has been charged with assaulting L.B. with a dangerous weapon, resulting in bodily injury to L.B.

In order to prove the defendant guilty of depriving another of a right under color of law, the government must establish beyond a reasonable doubt each of the following elements:

**First**, that Eakes was acting under color of law;

**Second**, that Eakes deprived L.B. of his right to be free from cruel and unusual punishment, which is secured by the Constitution of the United States;

**Third**, that Eakes acted willfully, that is, he voluntarily and deliberately did an act that deprived L.B. of his Constitutional right;

**Fourth**, Eakes's conduct resulted in the bodily injury of L.B. or involved the use, attempted use, or threatened use of a dangerous weapon.

Now I will give you more detailed instructions on some of the terms involved in these elements.

## INSTRUCTION NO. 12

### Element One: Under Color of Law

The first element described above requires that the Government establish beyond a reasonable doubt that Eakes acted under color of law. An official's actions while performing his official duties are done "under color of law" whether those acts are in line with his authority or overstep such authority. That individual acts "under color of law" even if he misuses the power they possess by virtue of a state or federal law or because he is clothed with the authority of state or federal law. In other words, a person acts "under color of law" when he uses or misuses power he has by virtue of government employment.

## INSTRUCTION NO. 13

## Element Two: Deprivation of a Protected Right

The second element of the offense charged in the indictment requires the government to prove that Eakes deprived L.B. of a right secured or protected by the Constitution or laws of the United States. The indictment alleges that Eakes deprived L.B. of the right to be free from cruel and unusual punishment.

Inmates are protected from cruel and unusual punishment under the Eighth Amendment of the United States Constitution. This includes the right not be subjected to the excessive use of force. Whether a use of force against a prison inmate is excessive depends on whether force was applied in a good faith effort to maintain or restore discipline, or whether it was done maliciously or sadistically to cause harm.

To act "maliciously" under this instruction means to intentionally do a wrongful act without just cause or excuse, with an intent to inflict unnecessary injury or pain.

Some of the factors you may want to consider include: (1) the extent of the injury suffered, (2) the need for the application of force, (3) the relationship between the need and the amount of force used. (4) the threat reasonably perceived by the responsible officials, (5) any efforts made to temper the severity of a forceful response.

**INSTRUCTION NO. 14**

**Element Three: Willfulness**

The third element the government must prove is that the defendant acted willfully. A person acts willfully if he acts voluntarily and intentionally, with the specific intent to do something the law forbids. It is not necessary for the United States to prove that Eakes was thinking in legalistic terms at the time of the incident, or that he knew that his conduct was prohibited by a particular provision of the Constitution.

Intent is a state of mind. Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking. But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind. You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

## INSTRUCTION NO. 15

## Element Three Continued: Consideration of Policies and Training

The government has introduced evidence of training Eakes received from the Kentucky Department of Corrections Training and policies in effect at the Fulton County Detention Center. The defendant has also introduced evidence of unwritten policies in effect at the Fulton County Detention Center. This evidence has been admitted for a limited purpose. You may use it only to determine whether Eakes acted willfully, as I have just described that state of mind to you.

It is, of course, wholly up to you to determine whether Eakes violated any rule or acted in contravention of his training. If you find that he acted in contravention of policies or training, then I caution you that not every instance of inappropriate behavior on the part of a correctional officer rises to the level of a federal constitutional violation. It is possible for a law enforcement officer to violate department policy or act contrary to his training without violating the United States Constitution, just as it is possible for an officer to violate the Constitution without violating a specific state law or policy. For this reason, proof that a defendant violated policy or acted contrary to training is relevant to your determination of willfulness, but is not relevant to your determination that Eakes violated L.B.'s constitutional rights.

In other words, if you determine that Eakes violated a policy of the Fulton County Detention Center or acted contrary to his training, you should consider that evidence only in determining whether Eakes acted willfully; you should not consider that evidence in determining whether Eakes's actions violated the Constitution in the first instance.

## INSTRUCTION NO. 16

### Element Four: Bodily Injury or Use of a Dangerous Weapon

Finally, you must decide whether the government has proved beyond a reasonable doubt that Eakes's conduct resulted in bodily injury to L.B., and whether it involved the use of a dangerous weapon.

The indictment charges both that the offense resulted in bodily injury to L.B. *and* that the offense involved the use of a dangerous weapon. However, the government does not have to prove *both* that the offense resulted in bodily injury and that a dangerous weapon was used. If all of you unanimously agree that the government has proven one or both of these factors beyond a reasonable doubt, then this element has been satisfied.

For the purposes of this instruction, "bodily injury" means any injury, no matter how temporary. Bodily injury includes physical pain as well as any burn, cut, abrasion, bruise, disfigurement, illness or impairment of a bodily function.

A "dangerous weapon" is any instrument capable of inflicting death or serious bodily injury.

## INSTRUCTION NO. 17

## Introduction: Testimony and Evidence

That concludes the part of my instructions explaining the elements of the crime. Next, I will explain some rules that you must use in considering some of the testimony and evidence.

## INSTRUCTION NO. 18

### Defendant's Election Not to Testify or Present Evidence

A defendant has an absolute right not to testify or present evidence. The fact that he did not testify or present any evidence cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

**INSTRUCTION NO. 19**

**Witness Testifying to Both Facts and Opinions**

You have heard the testimony from Troy Hephner, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept Mr. Hephner's opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions, along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## INSTRUCTION NO. 20

### Statement by Defendant

You have heard evidence that the defendant, James Eakes, made a statement in which the government claims he admitted certain facts. It is for you to decide whether the defendant made that statement, and if so, how much weight it deserves. In making these decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant allegedly made it. You may not convict the defendant solely upon his own uncorroborated statement or admission.

## INSTRUCTION NO. 21

### Transcriptions of Recordings

You have viewed a video that was received in evidence, and you were given a written transcript of the dialogue on that video. Keep in mind that the transcript is not evidence. It was given to you only as a guide to help you follow what was being said. The video itself is the evidence. If you noticed any differences between what you heard on the video and what you read in the transcript, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recordings, you must ignore the transcript as far as those parts are concerned.

**INSTRUCTION NO. 22**

**Deliberations and Verdict**

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. That should stay secret until you are finished.

## INSTRUCTION NO. 23

### Experiments, Research, Investigation and Outside Communications

Remember that you must make your decision based only on the evidence that you saw and heard here in court. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations.

## INSTRUCTION NO. 24

### Unanimous Verdict

Your verdict, whether it is guilty or not guilty, must be unanimous. To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt. To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt. Either way, guilty or not guilty, your verdict must be unanimous.

# INSTRUCTION NO. 25

## Duty to Deliberate

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that—your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience. No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds. Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 26

### Punishment

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be. Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict. Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 27

## Verdict Form

I have prepared a verdict form that you should use to record your verdict. That form is located at the end of these instructions. If you decide that the government has proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved the charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

## INSTRUCTION NO. 28

### Verdict Limited to Charges against This Defendant

Remember that the defendant is only on trial for the particular crime charged in the indictment.  Your job is limited to deciding whether the government has proved the crime charged.

## INSTRUCTION NO. 29

### Juror Notes

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror. Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

## INSTRUCTION NO. 30

## Court Has No Opinion

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:18-CR-00023-TBR


UNITED STATES OF AMERICA,                                         PLAINTIFF

v.

JAMES EAKES,                                                      DEFENDANT


JUROR VERDICT FORM


We, the jury, unanimously find the following:


**COUNT 1**

With respect to the charge in Count 1 of the indictment for willfully depriving L.B., an

inmate, of the right, protected and secured by the Constitution and laws of the United States, to

be free from cruel and unusual punishment, while acting under color of law as a deputy at the

Fulton County Detention Center, we find the Defendant James Eakes:


Guilty _____        Not Guilty _____


_____        _____

Foreperson                                               Date

**If you answered Guilty in response to Count 1, proceed to the next page. If you answered**

**Not Guilty, your deliberations are complete and you should return to the courtroom.**

With regard to the finding of guilty as to Count 1, we find that the offense

_____ resulted in bodily injury to L.B.

_____ included the use, attempted use, or threatened use of a dangerous weapon

(Please check one or both blanks.)

_____     _____

Foreperson                                                          Date