UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:18-CR-00023-TBR

UNITED STATES OF AMERICA, PLAINTIFF

v.

JAMES EAKES, DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant James Eakes's Original and Amended Motion for Judgment of Acquittal or, in the alternative, for New Trial, [R. 47; 60]. The United States of America, ("the Government"), responded to Eakes's original motion, [R. 48]. No further pleadings are necessary. This matter is ripe for adjudication. For the reasons stated herein, Eakes's Original and Amended Motion for Judgment of Acquittal or, in the alternative, for New Trial, [R. 47; 60], are DENIED.

The instant motion arises from a jury's conviction of Eakes for willfully depriving an inmate, L.B., of the right be free from cruel and unusual punishment while acting as a deputy at the Fulton County Detention Center ("FCDC"). [R. 37 at 32.] On May 16, 2019, Eakes submitted a Motion for Judgment of Acquittal or, in the alternative, for New Trial, [R. 47]. Pursuant to the Court's Order, [R. 58], Eakes filed an Amended Motion for Judgment of Acquittal or, in the alternative, for New Trial, [R. 60], which included transcript citations, on August 26, 2019.

## DISCUSSION

Eakes first argues for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c); then, in the alternative, Eakes moves for a new trial pursuant to Federal Rule of Criminal Procedure 33. [R. 60.] The Court will analyze each argument in turn. Following this

analysis, the Court will discuss the *Remmer* hearing held in this case on May 24, 2019, after the Court was made aware of possible juror misconduct.

**I.      Motion for Judgment of Acquittal**

In moving for a judgment of acquittal, Eakes's burden is a heavy one: the Court must consider the evidence in the light most favorable to the prosecution, inquiring whether the evidence offered at trial was sufficient to convince a rational trier of fact beyond a reasonable doubt that all elements of the charged crimes have been established. *United States v. Graham,* 622 F.3d 445, 448 (6th Cir. 2010). However, the Court must not weigh the evidence, consider the credibility of witnesses, or substitute its judgment for that of the jury. *United States v. Chavis,* 296 F.3d 450, 455 (6th Cir. 2002). The Court affords the Government "the benefit of all inferences which can reasonably be drawn from the evidence, even if the evidence is circumstantial." *United States v. Carter,* 355 F.3d 920, 925 (6th Cir. 2004). Furthermore, "[i]t is not necessary that the evidence exclude every reasonable hypothesis except that of guilt." *Id*. A judgment will be reversed due to insufficient evidence "only if [the] judgment is not supported by substantial and competent evidence upon the record as a whole." *United States v. Barnett,* 398 F.3d 516, 522 (6th Cir. 2005).

Eakes contends that "based on the testimony at trial, no rational trier of fact could have concluded that Eakes violated L.B.'s constitutional right to not be subjected to excessive force." [R. 60 at 2.] More specifically, Eakes asserts that he applied force in a good faith effort to maintain and restore discipline because he was acting in accordance with an unwritten "Three Warning Taser Rule" in place at the time of the incident. [*Id.*] In response, the Government states that Eakes's compliance with a policy is irrelevant to whether he violated L.B.'s Eighth

Amendment rights, and, furthermore, the jury heard and saw ample evidence that proved this element beyond a reasonable doubt. [R. 48 at 2.]

The Court agrees with the Government. The Sixth Circuit has found that a violation of an agency or department policy does not establish a constitutional violation. *See Coitrone v. Murray*, 642 F. App'x 517, 522 (6th Cir. 2016) ("This court has therefore held that a detective's alleged violations of police department policy were not determinative of whether the detective's use of force was objectively unreasonable."); *Cass v. City of Dayton*, 770 F.3d 368, 377 (6th Cir. 2014) ("[t]he Supreme Court has been cautious to draw a distinction between behavior that violates a statutory or constitutional right and behavior that violates an administrative procedure of the agency for which the officials work."); *Walker v. Davis*, 643 F. Supp. 2d 921, 926 (W.D. Ky. 2009), *aff'd*, 649 F.3d 502 (6th Cir. 2011) ("the fact that Davis's 'actions may have violated [the County's] policies' goes to 'whether he should be disciplined by the local police force' and not to whether he 'violated the Constitution[.]'"). Also, the Court informed the parties and the jury of this finding in the agreed upon Jury Instructions, specifically Instruction Number 15. [R. 37 at 16 ("proof that a defendant violated policy or acted contrary to training is relevant to your determination of willfulness, *but is not relevant to your determination that Eakes violated L.B.'s constitutional rights*.") (emphasis added).] Therefore, the Court finds Eakes's compliance or noncompliance with the unwritten policy to be irrelevant.

Additionally, Eakes asserts that a rational trier of fact could not find that Eakes had the requisite mental state to commit the crime, i.e., willfulness. [R. 60 at 4.] In detail, Eakes argues that he did not act willfully because he was "following the same three tazer [sic] warning policy that other deputies at the jail were following at the time." [*Id.*] In support of this argument, Eakes cites to the testimony of three witnesses from trial. First, Eakes quotes from the testimony of Ava

3

Little, a deputy jailer at FCDC. [R. 55 at 2.] Little testified that there was an unwritten policy at the jail known as the "Three Taser Warning Rule" in which:

> Whenever an inmate is acting up and you can't get any control of it, which I've seen a lot of that in mental or coming down off of drugs or something like that, if you can't talk them down, you gave them one Taser warning, then you give them a two Taser warning, and then the three Taser warning, and then you can shoot.

[*Id*. at 3.] Furthermore, Little implied in her testimony that the taser training she received was less than satisfactory. [*Id*. at 2-3.] Secondly, Eakes cites to the testimony of Stacy Easley, also a deputy jailer at FCDC. [R. 54 at 8.] He also testified that, under the former jailer, there was a "Three Taser Warning Rule," [*Id*. at 3], and that he was not aware of a written policy on tasing, [*Id*. at 22]. Lastly, Eakes cites to the testimony of Amber Morgan, a former deputy jailer at FCDC, [R. 52 at 3], who also knew of the "Three Taser Warning Rule." [*Id*. at 31.]

In response, the Government argues that despite the relevant testimony concerning this unwritten policy, there was sufficient evidence presented at trial to allow any rational trier of fact to conclude beyond a reasonable doubt that Eakes acted willfully. [R. 48 at 3.] First, the Government recalls that the written FCDC taser policy was presented before the jury, as well as Eakes's signed acknowledgement of reviewing that policy, which stated that a taser was not to be used in a punitive manner. [R. 48 at 3 (citing Government Exhibits 3 and 4).] Secondly, the Government points to Morgan's testimony in which she stated that employees underwent taser training and she "didn't think that you could tase an inmate just for cursing at you." [R. 52 at 55.][1] Lastly, the Government cites the video of the incident itself, which it claims "shows that the

---

[1] The Government mentions that "[e]ven the defense witnesses, who claimed that another unwritten taser policy (the 'three taser warning' policy) was in effect at FCDC at the time, agreed that all FCDC policy, written and unwritten, forbade deputy jailers from tasing inmates simply to punish them for cursing." [R. 48 at 4.] Although the Government does not cite to a specific portion of any witness's testimony, the Court is at least aware that Ava Little testified that she did not believe that tasing a prisoner for cursing at her was justified under the written policy. [R. 55 at 18.]

4

only reason the defendant re-entered the victim's cell and began tasing him was to punish the victim for cursing at him from behind the locked door . . . ." [R. 48 at 3.] Overall, the Government claims that "[b]ased on his training and the FCDC taser policies, both written and unwritten, the defendant clearly knew that tasing the victim was unlawful under the circumstances," which "led the jury to find beyond a reasonable doubt that the defendant acted willfully." [*Id*. at 4.]

Considering the evidence in the light most favorable to the prosecution, the evidence offered at trial was sufficient to convince a rational trier of fact beyond a reasonable doubt that all elements of the charged crime were established. Once again, the Court notes that the Court must not weigh the evidence, consider the credibility of witnesses, or substitute its judgment for that of the jury. The Court finds that in the testimony, FCDC written policy, and video presented at trial, there was substantial and competent evidence presented upon the record as a whole to support the jury's determination. In summary, the Court finds that Eakes has failed to satisfy the heavy burden required to award a judgment of acquittal.

## II. Motion for a New Trial

In the alternative, Eakes moves for a new trial pursuant to Rule 33. [R. 60 at 4.] When considering a defendant's motion for a new trial, the Court "may vacate any judgment and grant a new trial if the interest of justice so requires." Federal Rule of Criminal Procedure 33(a). "The decision whether to grant a new trial is left to the sound discretion of the district court." *United States v. Pierce,* 62 F.3d 818, 823 (6th Cir. 1995). "A district judge, in considering the weight of the evidence for purposes of adjudicating a motion for new trial, may act as a thirteenth juror, assessing the credibility of witnesses and the weight of the evidence." *United States v. Hughes,* 505 F.3d 578, 593 (6th Cir. 2007) (citing *United States v. Lutz,* 154 F.3d 581, 589 (6th Cir.

1998)). Furthermore, "it is widely agreed that Rule 33's 'interest of justice' standard allows the grant of a new trial where substantial legal error has occurred." *United States v. Munoz,* 605 F.3d 359, 373 (6th Cir. 2010). However, "new trial motions are disfavored and should be granted with caution." *United States v. Willis,* 257 F.3d 636, 645 (6th Cir. 2001) (citation omitted). The trial court should exercise this discretion "only in the extraordinary circumstances where the evidence preponderates heavily against the verdict." *United States v. Ashworth,* 836 F.2d 260, 266 (6th Cir. 1988). The defendant bears the burden of proving that a new trial should be granted. *United States v. Davis,* 15 F.3d 526, 531 (6th Cir. 1994); *United States v. Turner,* 995 F.2d 1357, 1364 (6th Cir. 1993).

Eakes argues that he was deprived a fair trial when the Court denied him the opportunity to cross examine L.B. on two occasions. [R. 60 at 5.] First, Eakes claims that "[b]ased on the United States' repeated intimation through L.B. that he's never been tased, such testimony should have opened the door to allow the defendant to bring up a prior incident, where defendant was strapped in a chair and tazed [sic] at another county jail for being disruptive." [*Id*. (citing R. 53 at 19-20).] As the Court explained to counsel at the bench conference referenced by Eakes, and as the record reflects, L.B. did not testify that he had never been tased. [R. 53 at 19.] Therefore, the Court stands by its decision that a different incident that occurred at a different facility is irrelevant to the facts of this case. Secondly, Eakes argues that "the inmate's testimony and demeanor on the stand during direct examination gave the jury the false impression that he was a compliant inmate that had posed no threats or other issues with jail staff or fellow inmates," and this should have opened the door for him to impeach L.B. on prior disciplinary incidents. [R. 60 at 5.] Eakes fails to cite to any specific testimony from L.B. that gave this "false impression." Furthermore, the Court agrees with the Government that although it is an

6

acceptable basis for weighing evidence, "[d]emeanor of a witness is not evidence . . . ." *Blankenburg v. Miller*, No. 1:16-CV-505, 2019 WL 140105, at *9 (S.D. Ohio Jan. 9, 2019), *supplemented*, No. 1:16-CV-505, 2019 WL 3535052 (S.D. Ohio Aug. 2, 2019). Therefore, the Court stands by its decision not to allow cross examination on this matter.

In conclusion, the Court finds that this is not one of those "extraordinary circumstances where the evidence preponderates heavily against the verdict," which would justify a new trial. *Ashworth,* 836 F.2d at 266. The Court finds that Eakes has not satisfied the heavy burden of proving that a new trial should be granted.

### III. *Remmer* Hearing

"[W]hen possible juror misconduct is brought to the trial judge's attention he has a duty to investigate and to determine whether there may have been a violation of the sixth amendment." *United States v. Shackelford*, 777 F.2d 1141, 1145 (6th Cir. 1985) (citing *United States v. Griffith*, 756 F.2d 1244, 1252 (6th Cir. 1985); *United States v. Pennell*, 737 F.2d 521, 532-33 (6th Cir. 1984), *cert. denied*, 469 U.S. 1158, 105 S. Ct. 906, 83 L. Ed. 2d 921 (1985). This investigation involves holding what is called a "*Remmer* hearing." At the hearing, the trial court "determine[s] the circumstances [of the unauthorized contact], the impact thereof upon the juror, and whether or not it was prejudicial, . . . with all interested parties permitted to participate." *Remmer v. U.S.,* 347 U.S. 227, 228 (1954). At the *Remmer* hearing, juror testimony is not to be viewed by the Court as presumptively prejudicial. *United States v. Rugiero*, 20 F.3d 1387, 1390 (6th Cir. 1994). The defendant bears the burned of proving actual juror bias. *Id*.

Although Eakes does not raise the issue in his Motion for a New Trial, the Court notes that it held a *Remmer* hearing on May 24, 2019 to investigate whether any juror conducted independent research during the trial and was exposed to extraneous information. After the jury

rendered a verdict of guilty on April 30, 2019, the Court was made aware of possible misconduct by a juror. On May 6, 2019, the Court held a telephonic conference with both parties in which the Court set an evidentiary hearing for May 14, 2019 and allowed the parties to file questions for the Court to ask the jurors by May 10, 2019. [R. 41.] On May 14, 2019, eleven of the jurors appeared before the Court for the evidentiary hearing. Also present was Defendant James Eakes and his counsel, John Caudill, as well as counsel for the Government, Zachary D. Dembo and Madison T. Sewell. [R. 45.] On May 15, 2019, the remaining juror appeared before the Court and counsel for both sides appeared telephonically. [R. 46.] All the jurors were questioned under oath individually in chambers. None of the jurors admitted to engaging in independent research during the trial. However, every juror who stated that another juror had engaged in independent research also stated that this did not affect the jury's decision.

After questioning each individual juror, the Court finds that if this allegation of juror misconduct did occur, it did not affect the jury's decision. Furthermore, it is Eakes's burden to prove juror bias, and he has declined to do so.[2] Thus, the Court finds that Eakes has failed to show bias or prejudice resulting from any possible juror misconduct, and the interest of justice does not warrant a new trial.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED**: Eakes's Amended Motion for Judgment of Acquittal or, in the alternative, for New Trial, [R. 60], is **DENIED**. Eakes's original Motion for Judgment of Acquittal or, in the alternative, for New Trial, [R. 47], is **DENIED AS**

---

[2] The Court requested the court reporter to file a portion of the colloquy between counsel and the Court following examination of the last juror. Counsel for the defendant stated that the information that the juror may have shared with other jurors did not affect the verdict. [R. 61.]

**MOOT**. Also, the Court finds that Eakes has failed to show bias or prejudice resulting from any possible juror misconduct, and the interest of justice does not warrant a new trial.

    **IT IS SO ORDERED**.

cc: Counsel of Record